UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VICKI M., | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | )   No. 1:20-cv-00474-NT |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
|        Defendant | ) |

### REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability (SSD) and Supplemental Security Income (SSI) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ made a determination of her mental residual functional capacity (RFC) that was unsupported by substantial evidence. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 15) at 5-11. I agree and, accordingly, recommend that the court remand this case for further proceedings consistent herewith.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Hum. Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Act through December 31, 2022, Finding 1, Record at 14; that she had the severe impairments of obesity, anxiety, depressive disorder, post-traumatic stress disorder (PTSD), fibromyalgia, Scheuermann's disease, degenerative disc disease, cervicalgia with spurring at C5-6, and mild right hip osteoarthritis, Finding 3, *id*. at 15; that she had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she would be off-task for three to five minutes every hour to stand and stretch, could not climb ladders, ropes, and scaffolds, could not crawl, could occasionally climb ramps and stairs, crouch, kneel, stoop, and balance, could frequently rotate, flex, and extend her neck, could occasionally use foot controls, push and pull, and reach overhead, could not ambulate over wet, uneven, irregular, and sloped surfaces, could not be exposed to extreme cold or excessive vibration, could not use moving machinery, could not work at unprotected heights, was limited to simple, unskilled work in a low-stress environment, requiring only occasional decision-making and involving only occasional changes in work setting, could not interact with the public, and could have no more than occasional contact with co-workers and supervisors, Finding 5, *id*. at 18-19; that, considering her age (36 years old, defined as a younger individual, on her alleged disability onset date, March 9, 2017), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 36; and that she, therefore, had not been disabled from her alleged disability onset date, March 9, 2017, through the date of the decision, December 11, 2019, Finding 11, *id*. at 37.  The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Hum. Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than any past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Hum. Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Background

The plaintiff filed applications for benefits in March 2017. *See* Record at 12. She did not initially allege any mental health impairments, and her claims were denied at the initial level in June 2017. *See id.* at 99-100, 104-05. In seeking reconsideration of that denial, the plaintiff alleged that her mental health conditions had worsened, which prompted Disability Determination Services (DDS) to request that she undergo a psychological consultation. *See id.* at 116, 490.

The plaintiff underwent such an examination by A. J. Butler, Ed.D., in January 2018. *See id.* at 490-95.[3] Dr. Butler diagnosed the plaintiff with generalized anxiety disorder with panic attacks, PTSD, and mood disorder not otherwise specified; she also assessed the plaintiff with a

---

[3] Dr. Butler is also elsewhere referred to as Adrienne J. Butler, Ed.D. *See, e.g.*, Record at 117.

Global Assessment of Functioning (GAF) score of 50 and noted that the plaintiff suffered from chronic pain. *See id.* at 494. Based on these findings, Dr. Butler opined as follows:

> In regard to work-related activities, [the plaintiff] would be able to understand tasks consistent with Average ability. She may need enhanced verbal mediation for tasks requiring abstract reasoning. [The plaintiff] would need repetition and reinforcement of verbal information in order to acquire, retain and utilize it. She does have observable intermittent attention and concentration difficulties[,] and there is [a] likelihood that her chronic pain condition impacts negatively upon her ability to sustain prolonged task focus. [The plaintiff] is apt to be able to interact socially adequately in familiar settings but is prone to heightened anxiety, anxiety/panic attacks in public settings. She is apt to have significant difficulties with adaptation should speeded or pressured performance be required.

*Id.* at 494-95.

That same month, Brian Stahl, Ph.D., a DDS nonexamining consultant, reviewed the plaintiff's case at the reconsideration level. *See id.* at 115-31. As part of his review, Dr. Stahl considered Dr. Butler's opinion and specifically noted, among other things, Dr. Butler's finding that the plaintiff "would need repetition and reinforcement of verbal information in order to acquire, retain and utilize it." *Id.* at 117. Dr. Stahl also noted, however, that Dr. Butler uses the same "boilerplate opinion in most cases making its usefulness in an individual case quite limited." *Id.* at 124. Ultimately, Dr. Stahl opined that the plaintiff had the mental RFC to understand and remember simple instructions and tasks but not complex information, work in two-hour blocks performing simple tasks over the course of a normal workday/workweek, work with co-workers and supervisors but not the public, and adapt to simple changes. *See id.* at 126-28.

After the plaintiff's claims were denied again at the reconsideration level, she sought a hearing before an ALJ. *See id.* at 12. During that hearing, which took place in November 2019, the plaintiff's counsel asked the testifying vocational expert (VE) whether a person's need for repetition of verbal information beyond the initial training period for a job would be tolerated in a workplace or whether it might require an accommodation. *See id.* at 45, 96. The VE replied that

employers might allow for a couple of extra weeks of training and repetition, but a person who needed repetition of verbal information beyond that timeframe "would not be competitively employable" and would likely require a supportive work environment. *Id.* at 96.

In his decision following the hearing, the ALJ discussed Dr. Butler's opinion, *see id*. at 31-33, observing, among other things, that Dr. Butler "noted that the [plaintiff] would need repetition and reinforcement of verbal information in order to acquire, retain, and utilize it[,]" *id.* at 32. The ALJ explained that he found Dr. Butler's opinion "to be persuasive" and described his mental RFC assessment as supported by Dr. Butler's "observations, diagnoses, and conclusion[s] regarding the [plaintiff]'s ability to interact socially and adapt, her experience of anxiety and panic attacks, and her Global Assessment of Functioning score assessment[.]" *Id.* at 33. However, the ALJ omitted Dr. Butler's enhanced repetition/reinforcement finding from his mental RFC assessment, *see* Finding 5, *id*. at 18-19, and did not discuss the VE's testimony that the need for ongoing repetition would eliminate competitive employment, *see id*. at 29-33, 37.

The ALJ also discussed Dr. Stahl's opinion. *See id.* at 35. In contrast to his weighing of Dr. Butler's opinion, the ALJ found Dr. Stahl's opinion "to be partially persuasive[,]" noting that Dr. Stahl "never had the opportunity to examine, or even meet with and question," the plaintiff and that "new evidence" entered into the record after Dr. Stahl rendered his opinion "more accurately reflect[ed] the state of the [plaintiff]'s impairments." *Id.*

### B. The Plaintiff's Argument

The plaintiff notes that, "despite finding Dr. Butler persuasive, the ALJ did not include the stipulation that [the plaintiff] would need repetition and reinforcement of verbal information . . . in his RFC assessment." Statement of Errors at 7 (internal quotation marks omitted). She contends that the ALJ did not adequately explain why he did not adopt Dr. Butler's enhanced

5

repetition/reinforcement finding and that the ALJ's error is not rendered harmless by his partial reliance on Dr. Stahl's opinion. *See id.* at 8-9.[4]

The commissioner, on the other hand, contends that this case is like *Allen-Ward v. Berryhill*, No. 1:17-cv-00227-JDL, 2018 WL 1907953 (D. Me. Apr. 23, 2018) (rec. dec., *aff'd* June 29, 2018), in which this court rejected an argument similar to that made by the plaintiff here. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 18) at 6-11. She argues that this court should presume that Dr. Stahl incorporated Dr. Butler's repetition/reinforcement finding into his opinion by limiting the plaintiff to simple work. *See id.* at 7. She further contends that the ALJ's partial reliance on Dr. Stahl's opinion explains why he omitted Dr. Butler's repetition/reinforcement finding from his ultimate mental RFC assessment. *See id.* at 8-9.

The plaintiff has the better argument.

In *Allen-Ward*, as in this case, the claimant argued that the ALJ erred by omitting Dr. Butler's repetition/reinforcement finding despite purporting to give Dr. Butler's opinion great weight. *Allen-Ward*, 2018 WL 1907953, at *4. This court concluded that remand was unwarranted because the ALJ made it "clear" that he only "gave weight to the Butler opinion . . . insofar as she assessed a GAF score of 55" and, moreover, the ALJ adopted the RFC findings of DDS nonexamining consultant Thomas Knox, Ph.D., who had explicitly considered the repetition/reinforcement portion of Dr. Butler's opinion and had given Dr. Butler's opinion "great weight[.]" *Id.* at *3, 7 (citation and internal quotation marks omitted). In those circumstances, this court declined to "substitute its judgment for that of Dr. Knox to conclude that his mental RFC opinion d[id] not adequately reflect" Dr. Butler's repetition/reinforcement limitation. *Id.* at *7.

---

[4] Because I find remand warranted on this point of error, I need not address the plaintiff's contention that other portions of Dr. Butler's opinion were overlooked by the ALJ. *See* Statement of Errors at 6-7, 10.

6

The circumstances of this case are distinguishable from those in *Allen-Ward*. The ALJ here did not give weight only to a specific part of Dr. Butler's opinion but rather found it to be generally "persuasive" and purported to assess a mental RFC that was consistent with it. Record at 33. Nevertheless, after specifically noting Dr. Butler's repetition/reinforcement finding, the ALJ omitted that finding from his mental RFC assessment without explanation. *See* Finding 5, *id.* at 18-19; *id.* at 31-33; *see, e.g.*, *Katherine R. H. v. Saul*, No. 1:19-cv-00038-JAW, 2020 WL 529689, at *3 (D. Me. Feb. 3, 2020) (rec. dec., *aff'd* Feb. 21, 2020) ("While courts overlook an arguable deficiency in opinion-writing technique if not outcome determinative, reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable pathway." (citations and internal quotation marks omitted)); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." (citations omitted)).

Moreover, in this case, unlike in *Allen-Ward*, the ALJ accorded only partial weight to the opinion of the DDS nonexamining consultant who had reviewed the Butler report. The commissioner contends that Dr. Stahl "considered Dr. Butler's finding with such specificity to reasonably assume that he took" Dr. Butler's assessment of a need for repetition/reinforcement "into consideration before finding [that the plaintiff] could perform 'simple work.'" Opposition at 7 (citation omitted). She elaborates, "Indeed, Dr. Stahl specifically found that Plaintiff could understand and remember simple instructions and tasks (as opposed to complex information) and work in two-hour blocks performing simple tasks over the course of a normal workday/workweek." *Id*. However, as a threshold matter, because the ALJ neither specified the

portions of the Stahl opinion on which he relied nor explained whether and to what extent he considered the Stahl opinion consistent with that of Dr. Butler, *see* Record at 35, this argument amounts to an improper *post hoc* rationalization, *see, e.g.*, *Clark v. Astrue*, Civil No. 09-390-P-H, 2010 WL 2924237, at *3 (D. Me. July 19, 2010) (rec. dec., *aff'd* Aug. 9, 2010) ("[A] reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of the rationale *actually articulated* by the agency decision-maker." (emphasis added)).

In any event, Dr. Stahl explicitly noted that he found Dr. Butler's opinion to be "boilerplate" and of "quite limited" usefulness, Record at 124, calling into question whether he accounted for all of Dr. Butler's findings in limiting the plaintiff to simple work. *Cf. Allen-Ward*, 2018 WL 1907953, at *7; *Nathaniel-Bishop W. B. v. Kijakazi*, No. 1:20-cv-00323-JAW, 2021 WL 4147245, at *4 (D. Me. Sept. 12, 2021) (rec. dec., *aff'd* Dec. 2, 2021) (declining to second-guess whether two agency nonexamining consultants had adequately captured the findings of an examining consultant in their RFC opinions when, among other things, they "specifically stated that their opinions were consistent with and incorporated [the examining consultant's] findings"). The ALJ's failure to grapple with this issue further weighs in favor of remand.[5]

At bottom, as the plaintiff pointed out in rebuttal at oral argument, this case is more like *Thompson v. Colvin*, Civil No. 1:12-cv-369-DBH, 2013 WL 5724134 (D. Me. Oct. 21, 2013), than *Allen-Ward*. In *Thompson*, this court determined that remand was warranted when (1) the ALJ had purported to give Dr. Butler's opinion great weight and had specifically noted her finding that

---

[5] I am not persuaded by the commissioner's additional argument that remand is unwarranted because the plaintiff has failed to suggest a limitation based on Dr. Butler's repetition/reinforcement finding beyond being limited to simple work. *See* Opposition at 7-8. The VE identified jobs that a person limited to simple work could perform but testified that someone who needed ongoing repetition of instructions would not be competitively employable. *See* Record at 92-93, 96.

8

the claimant would need enhanced explanation, repetition, and reinforcement of verbal information, but had omitted that limitation from his mental RFC; (2) it was "not self-evident that" the agency opinions on which the ALJ also relied encompassed Dr. Butler's repetition/reinforcement finding; and (3) the VE had "testified that the restriction would compromise an individual's ability to perform" the jobs on which the ALJ had relied. *Thompson*, 2013 WL 5724134, at *7-8. In such circumstances, this court concluded that "absent either an express rejection by the [ALJ] of the Butler finding at issue or an explanation as to how his RFC determination reflected it, his RFC determination [wa]s unsupported by substantial evidence[,]" which, in turn, was "fatal to his Step 5 conclusion that the [claimant] could perform the jobs identified by the [VE] at hearing." *Id.* at *8. The same is true here.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith .

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 19th day of December, 2021.

                                              /s/ John H. Rich III
                                              John H. Rich III
                                              United States Magistrate Judge